The opinion of the' Court was delivered by
JOHNSON, J.
In order to charge the indorser of a promissory note, at the suit of the indorsee, the latter is bound to demand payment of the maker, on its falling due, if it is within his power, and within a reasonable time, controlled in some degree. *63 by circumstances, to give notice of the non-payment to the indorser. This obligation is not imposed by any express stipulation between the parties, but arises, by legal implication, out of the contract of indorsement. Hence it is clear that the parties may, by express contract, vary or dispense with it, as they think fit. Thus the indorser may stipulate that the indorsee shall not demand payment within a year after the note falls due, and that he will be bound, if notice is given him within a year thereafter. In short, he may prescribe to the .indorsee what degree of diligence shall be sufficient to charge himself, and it is only in the absence of any express agreement of this sort, that the law steps in to prescribe a rule of conduct. He may also, by agreement, waive the laches of the indorsee or holder. This id strongly exemplified in the case of Hall vs. Freeman, 2 N. and McC., 479, which in other respects very much resembles the present. There no demand had been made on the maker, nor was the demand made on the indorser until the day after the note fell due ; but the defendant knew that the drawer was insolvent, and the Court held him bound by his subsequent promise to pay. The rule is broadly laid down in Duryee vs. Dennison, 5 Johns. R., 249, that a subsequent promise, with a knowledge of the laches of the holder, is a waiver of the want of diligence, and will bind the indorser. Here it is uncertain whether the demand was made on the defendant’s intestate, the endorser, before or after the note fell due; nor is it very material. His promise to pay was unequivocal. It was that the note would be good, and he would lift it and give his own in the place of it at any time. The circumstances raise, too, in my mind, an irresistible presumption that McDonald knew that the demand had not been made on Perry the maker, and that he was in doubtful circumstances. Indeed, there is but little doubt that his proposition to substitute his own note was founded in the belief that his chances of indemnity from Perry would be increased by having the note under his own control and management; and according to the rule he must be bound.
*64 It is, therefore, ordered and decreed, that the decree of the . Circuit Court be, and the same is, hereby reversed, and that the amount of the note, and the interest thereon, stand as a charge against the funds of the estate of the said McDonald. t,
O’Neall and Harper, JJ., concurred.

Decree reversed.